The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. In light of the appellate decisions in this case, Walters v. Algernon Blair, 120 N.C. App. 398,462 S.E.2d 232 (1995), aff'd 344 N.C. 628,476 S.E.2d 105 (1996), petition for cert. denied Algernon Blair v.Walters, 117 S. Ct. 1551, 137 L.Ed.2d 700 (1997) the appealing party, claimant Beaman Walters, has shown good grounds to amend the Opinion and Award, as follows:
 ***********
The Full Commission finds as fact and concludes as a matter of law the following which were entered into as:
 STIPULATIONS
1. At the time of plaintiff's alleged exposure to asbestos, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant at the time of plaintiff's alleged exposure to asbestos.
3. Defendant's workers compensation insurance coverage was though United States Fidelity Guaranty Company at the time of plaintiff's exposure to asbestos.
4. Plaintiff's average weekly wage was $605.78, which yields a compensation rate of $404.06, subject to any applicable statutory maximum.
 ***********
Based upon the stipulations of the parties and the competent evidence of record, the Full Commission makes the following findings of fact as follows:
 FINDINGS OF FACT
1. Plaintiff is an unemployed 60 year-old Navy veteran who only finished the ninth grade, but in 1962 obtained his GED or so-called high school equivalency certificate at St. Andrews College while doing construction work there for Albemarle Plumbing and Heating. He has been employed as a pipe fitter in the construction trade for more than 30 years from the early 1950's until August of 1985 when he ultimately retired from the employ of Schneider Power Company at its Shippensport, Pennsylvania nuclear power plant and has worked in the same capacity in a number of different states, including Pennsylvania, New York, Virginia, Maryland, Georgia, Tennessee, South Carolina and North Carolina; however, the majority of his work has been in states other than North Carolina where individuals working in the construction trade occupy a greater status resulting in work outside North Carolina being more desirable.
2. During his many years of employment as a pipe fitter in the construction trade Plaintiff has been exposed to the inhalation of asbestos dust either indirectly because insulators working in his vicinity were using the same material or directly when he would have to remove asbestos to make a weld or would use an insulating asbestos blanket during the course of a weld and as a result thereof has developed asbestosis.
3. Plaintiff was last injuriously exposed to the hazards of asbestosis during the 35 day period from November 17, 1980 to December 21, 1980 that he was employed by defendant Algernon Blair at the Champion Paper Mill in Roanoke Rapids, North Carolina. During this same period plaintiff worked seven days a week, 12 to 15 hours a day. Half the time he worked as a pipe welder directly exposed to the hazards of inhalation of asbestos dust when he would be involved in removing old asbestos insulation in the course of pipe welding and the other half as a foreman responsible for the other pipe welders work there indirectly exposing him to the asbestos when the other pipe welders would remove asbestos insulation in his vicinity.
4. Although prior to the 1970's plaintiff did pipe welding work in North Carolina exposing him to asbestos, including, but not limited to, DuPont's Fayetteville and Kinston Plants, St. Andrews College in Laurinburg, Cape Fear Valley Hospital in Fayetteville, Fort Bragg, the Ralston Purina Plant in Raleigh, the B. F. Goodrich Plant in Lumberton, and Texas Gulf among others; the only work he subsequently did in North Carolina prior to being last injuriously exposed to the hazards of asbestosis during the 35 days he worked for defendant-employer from November 17, 1980 to December 21, 1980 was the little more than a year he was working for Albemarle Heating and Plumbing at Fort Bragg building new barracks beginning in the third quarter of 1972 according to the stipulated Social Security Earnings records and ending in the same quarter of the following year; however, twenty (20) percent of that time plaintiff was working outdoors resulting in him not being exposed to asbestos. Thus plaintiff has not been exposed to the hazards of inhalation of asbestos dust for a period of not less than two years in the State of North Carolina during the ten years prior to his last exposure to the hazards of the same disease while working for defendant-employer in December of 1980.
5. To the extent plaintiff's evidence is otherwise it is neither consistent nor credible. According to the credible evidence the only places that plaintiff worked in North Carolina during the ten years prior to his last injurious exposure to the hazards of asbestos dust were the 35 days he worked for defendant-employer in November and December of 1980 and the little more than a year that he worked for Albemarle Plumbing and Heating at Fort Bragg from the third quarter of 1972 until the same quarter in the following year, less the twenty (20) percent of the time when he was not exposed to asbestos while working outside. While in the 1960's plaintiff did work for DuPont at its Kinston and Fayetteville Plants as well as another plant in Florence, South Carolina; he does not believe he worked for DuPont in the 1970's and the undersigned specifically finds that plaintiff has failed to produce any credible evidence thereof.
6. Plaintiff was first diagnosed with asbestosis in 1990, when he was evaluated by Dr. Ted Kunstling.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of exposure to asbestos dust during his many years of work in the construction trade as a pipe welder plaintiff has developed asbestosis. G.S. § 97-62.
2. Plaintiff was last injuriously exposed to the hazards of asbestosis during the 35 days that he worked for defendant-employer during the period from November 17, 1980 to December 21, 1980. G.S. § 97-57.
3. Although plaintiff's exposure does not meet the requirements of G.S. § 97-63, that statute has been declared unconstitutional and does not bar plaintiff's claim for benefits.Walters v. Blair and USFG, 120 N.C. App. 398,462 S.E.2d 232 (1995), aff'd 344 N.C. 628, 476 S.E.2d 105
(1996), petition for cert. denied Algernon Blair v.Walters, 117 S. Ct. 1551, 137 L.Ed.2d 700 (1997).
4. Plaintiff's asbestosis is a compensable occupational disease. G.S. § 97-53(24). As a result of his asbestosis, plaintiff is entitled to 104 weeks of compensation at the rate of $390.00 per week, based upon the statutory maximum in effect in 1990 when his disease was first diagnosed. These benefits have already accrued. G.S. § 97-61.5.
5. Plaintiff is entitled to have defendants pay for all past medical expenses incurred by plaintiff as a result of his asbestosis, and for two additional examinations by the Advisory Medical Committee. G.S. § 97-61.3 et seq.
6. Plaintiff is further entitled to future medical expenses. G.S. § 97-25.
7. Plaintiff is entitled to have the defendants pay interest on this award, pursuant to N.C.G.S. § 97-86.2, from the date of the original hearing on November 3, 1993.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. For the reasons described in the above Findings of Fact and Conclusions of Law, defendants shall pay compensation to plaintiff in the amount of $390.00 per week for 104 weeks, subject to counsel fee hereinafter allowed. All such benefits that are accrued shall be paid in a lump sum;
2. Defendants shall pay interest on this award in accordance with N.C.G.S. § 97-86.2 from the date of the original hearing. The interest shall all be paid directly to the plaintiff.
3. An attorneys' fee in the amount of 33% of the aforesaid pre-interest award is hereby approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel in one lump sum.
4. Defendants shall pay for all past and future medical treatments and examinations relating to plaintiff's occupational conditions, including examinations provided under G.S. § 97-61.3et seq. and future expenses under G.S. § 97-25; and
5. Defendants shall pay the costs of this claim. Such costs shall include plaintiff's reasonable attorneys' fees and costs incurred in defendants' appeals to the North Carolina Supreme Court and the United States Supreme Court, in the amount of $27,790.28.
 S/_________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/______________________ LAURA K. MAVRETIC COMMISSIONER
S/______________________ THOMAS J. BOLCH COMMISSIONER