ROBERT B. BARBER, EMPLOYEE, PLAINTIFF/APPELLANT v. BABCOCK & WILCOX CONSTRUCTION COMPANY, EMPLOYER, DEFENDANT/APPELLEE, AND INA/AETNA INSURANCE COMPANY, CARRIER, DEFENDANT/APPELLEE

No. 8910IC588

(Filed 5 February 1991)

Master and Servant § 68.2 (NCI3d) — asbestosis — application of "last injuriously exposed" standard — error — application of thirty-day presumption required

In an action for workers' compensation benefits where plaintiff claimed that he had contracted the occupational disease of asbestosis, the Industrial Commission erred in utilizing the "last injuriously exposed" standard rather than the applicable thirty-day presumption of N.C.G.S. § 97-57; therefore, in light of the irrebuttable legal presumption that the last thirty days of work subjecting the plaintiff to the hazards of asbestos is the period of last injurious exposure and the Commission's holding that plaintiff was exposed to the inhalation of asbestos during the forty-eight days he worked for defendant, such exposure must be deemed injurious, and plaintiff is entitled to workers' compensation benefits pursuant to N.C.G.S. § 97-53(24).

Am Jur 2d, Workmen's Compensation §§ 303, 409.

PETITION for rehearing allowed for consideration of plaintiff's second Assignment of Error regarding the issue of injurious exposure. Heard in the Court of Appeals 21 January 1991.

In this action, plaintiff seeks workers' compensation benefits for the alleged contraction of an occupational disease during the course of his employment with defendant-employer.

*Leonard T. Jernigan, Jr., P.A., by Leonard T. Jernigan, Jr., for plaintiff-appellant.*

*Petree Stockton & Robinson, by Jane C. Jackson and Barbara E. Brady, for defendants-appellees.*

JOHNSON, Judge.

We note at the outset that plaintiff filed this action for workers' compensation benefits alleging that he had contracted the occupa-

tional disease of asbestosis in his job as an insulation worker. After a hearing, a Deputy Commissioner of the Industrial Commission found that plaintiff does, in fact, suffer from asbestosis, but that the defendant-employer is not liable for payment of workers' compensation under the purview of G.S. § 97-53(24) since plaintiff was not exposed to the hazards of asbestos for as much as thirty working days or parts therof during the course of his employment with defendant-employer as required by G.S. § 97-57. The Full Commission (hereinafter "Commission") issued an Opinion and Award affirming the Deputy Commissioner's decision and plaintiff appealed. Upon review, this Court affirmed the entire decision of the Industrial Commission. Having misapplied the law as it relates to plaintiff's second Assignment of Error regarding the issue of injurious exposure, such decision was in error and is reversed. The opinion of this Court in *Barber v. Babcock*, 98 N.C. App. 203, 390 S.E.2d 341 (1990), is otherwise not disturbed and should be incorporated with our holding in the instant opinion.

By his second Assignment of Error, plaintiff contends that the Commission erred in applying an injurious exposure standard to his claim instead of the thirty-day presumption set out in G.S. § 97-57. We agree.

General Statutes § 97-57 provides in part that "[i]n any case where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such employer, is liable." G.S. § 97-57 also creates an irrebuttable legal presumption that the last thirty days of work is the period of last injurious exposure. *Fetner v. Granite Works*, 251 N.C. 296, 111 S.E.2d 324 (1959). Thus, "an exposure which proximately augmented the disease to any extent, however slight," is deemed the last injurious exposure. Therefore, plaintiff does not have to establish that the conditions of his employment with the defendant caused or significantly contributed to his disease. *Caulder v. Waverly Mills*, 314 N.C. 70, 73, 331 S.E.2d 646, 648 (1985); *Rutledge v. Tultex Corp.*, 308 N.C. 85, 89, 301 S.E.2d 359, 362 (1983), *quoting Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 166, 22 S.E.2d 275, 277-78 (1942). He need only show that: (1) he has an occupational disease and (2) he was "last injuriously exposed to the hazards of such disease" in the defendant's employment. *Id.*

Here, the Commission found as fact that plaintiff had last been exposed to the inhalation of asbestos in 1984, which was during the time of his employment with the defendant. The Commission further found that a negligible amount of asbestos existed in the air of defendant-employer's facility, but concluded that the plaintiff was not "injuriously exposed to the hazards of asbestos." Based upon the Commission's conclusion, it utilized the "last injuriously exposed" standard rather than the applicable thirty-day presumption set forth in G.S. § 97-57.

In light of the irrebuttable legal presumption that the last thirty days of work subjecting the plaintiff to the hazards of asbestos is the period of last injurious exposure and the Commission's holding that plaintiff was exposed to the inhalation during the forty-eight days he worked for the defendant, such exposure must be deemed injurious. Therefore, plaintiff has satisfied his burden of proof and is entitled to workers' compensation benefits pursuant to G.S. § 97-53(24).

Accordingly, the decision of the Industrial Commission as it relates to the issue of injurious exposure is

Reversed.

Judges COZORT and LEWIS concur.