This case was initially heard before the Deputy Commissioner in Asheville on August 23, 1995. After that hearing, the parties deposed Dr. John T. Kelly, Dr. David Shanks, and two lay witnesses, those being Mr. Howard James Gillespie and Mr. Kempton D. Fortune. At that time, the record was closed, making the matter ready for disposition.
******************
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reached the same facts and conclusions as those reached by the Deputy Commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the undersigned find as facts and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer/employee relationship existed at all times relevant to this claim.
3. American Motorist Insurance Co. was the compensation carrier on the risk.
4. The parties have also entered into a pretrial agreement which is incorporated herein in by reference.
5. The parties further submitted a set of stipulated exhibits, including a death certificate, letters testamentary, and a social security earnings report.
******************
Based upon all of the competent, credible and convincing evidence adduced at the initial hearing and through subsequent deposition testimony, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff's decedent, Archie Rice, was born on March 29, 1911, and died on January 6, 1992. Plaintiff's decedent was a carpenter who worked for a variety of different employers and on several different jobs during the course of his career.
2. According to social security records, in 1977, for a period of approximately three to four months, plaintiff's decedent was working for Westgate Corporation, in the renovation of a mall in Asheville, North Carolina. According to the testimony of a co-worker, Mr. Kempton D. Fortune, plaintiff's decedent was the job foreman.
3. Mr. Fortune's deposition was taken after the initial hearing on October 17, 1995. At the time of his deposition, Mr. Fortune was 78 years old and had worked as a carpenter for forty years. Mr. Fortune could not convincingly or credibly recall what jobs he had worked in twenty years previous which may have exposed him to asbestos, and which jobs may not have. Further, Mr. Fortune testified that he was not familiar with the appearance of non-asbestos containing materials used in the 1970's, and could not tell the difference between asbestos containing insulation and non-asbestos containing insulation.
4. Mr. Fortune testified that during the course of renovation work at Westgate Mall some ceiling material and sheetrock were being torn out for a period of three to four weeks. Mr. Fortune testified that he "imagined" that some of these materials may have contained asbestos. For the reasons stated above as well as the lack of any degree of certainty on Mr. Fortune's part to any actual exposure to asbestos, the testimony of this witness is not accepted as credible or convincing to the undersigned.
5. Plaintiff further offered the testimony of another co-worker of plaintiff's decedent, Mr. Howard Gillespie. Mr. Gillespie stated that he also worked on the Westgate job and did not recall the presence of any asbestos. Mr. Gillespie stated that there was dust on the job site, which would have been common when a job involved the tearing down of plaster walls and the sawing of wood. However, there is no convincing evidence of record that any of the "dust" about which Mr. Gillespie testified was asbestos.
6. The plaintiff has not presented sufficient competent, credible, or convincing evidence to establish that plaintiff's decedent was actually exposed to any degree of asbestos during his employment at Westgate Corporation for thirty days or parts thereof during a consecutive seven month period as required under N.C.G.S. § 97-57.
******************
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. In order to recover for an occupational disease pursuant to N.C.G.S. § 97-53, plaintiff has the burden of proof of proving each and every element of a compensable occupational disease.Harvey v. Raleigh Police Dept., 96 N.C. App. 28, cert. den.326 N.C. 706 (1989). Plaintiff has failed to prove by competent, credible, or convincing evidence that plaintiff's decedent was last injuriously exposed to asbestosis for thirty days or parts thereof, within a consecutive seven month period while during the employment of Westgate Corporation. N.C.G.S. § 97-57; Barber v.Babcock Wilcox Construction Co., 101 N.C. App. 564, (1991).
******************
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. Plaintiff's claim must by law be, and the same is hereby, DENIED.
2. Defendants' motion for the plaintiff to pay the cost associated with the taking of the deposition of lay witness Howard Gillespie and an attorney's fee in this action for expenses associated with the taking of the deposition of Howard Gillespie is hereby DENIED.
3. Each side shall pay its own costs.
4. This case is ordered removed from the Full Commission hearing docket.
This the _____ day of __________________, 1997.
 S/ __________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________________ COY M. VANCE COMMISSIONER
S/ __________________________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
JHBjr/abk