The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Willis and Deputy Commissioner W. Bain Jones, Jr., and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the decision of Deputy Commissioner Jones, as follows.
 *************
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between Plaintiff and Defendant/employer.
3. From September 9, 1970, to January 1, 1972, Defendant/employer was uninsured.
4. Liberty Mutual Insurance Company was the compensation carrier on the risk from January 1, 1972, through December 31, 1977.
5. Cigna Insurance Company was the carrier on the risk from January 1, 1978, through the plant closing in 1985.
6. Documentation has been submitted from which Plaintiff's average weekly wage might be determined.
7. Plaintiff's Social Security earnings report was stipulated into evidence.
8. Plaintiff s employment records with ITT Grinnell were stipulated into evidence.
9. Photographs of the ITT Grinnell plant were stipulated into evidence.
10. A report dated November 25, 1991, from C.D. Young, M.D. was stipulated into evidence.
11. The issue before the Industrial Commission is whether the plaintiff suffers from asbestosis or other occupational diseases for which he is eligible to receive compensation from any or all Defendants.
 EVIDENTIARY RULINGS
The objections raised in the depositions in this matter are OVERRULED.
 *************
Based upon all the competent evidence at the hearing and by deposition, the Full Commission finds additional facts as follows:
 FINDINGS OF FACT
1. Plaintiff was born on July 19, 1934.
2. Plaintiff was employed by the Defendant/employer as a pipe fitter from June, 1969, until February or March, 1985. Prior to his employment with Defendant/employer worked at the Newport News shipyards in Virginia. During the time Plaintiff worked at the shipyards before going to work for Defendant/employer, he was frequently exposed to significant levels of asbestos dust.
3. As of the last date of employment with Defendant/employer, Plaintiff earned $24,899.10 in his last full year of employment, his applicable average weekly wage being $478.83, which yields a workers' compensation rate of $319.38.
4. An employment relationship existed between Plaintiff/employee and Defendant/ employer from June of 1969 through February or March 1985.
5. The Plaintiff's employment with Defendant/employer provided exposure to asbestos materials on a regular basis. These materials included asbestos welding gloves, asbestos blankets, asbestos pipe wrap, asbestos brick, asbestos mortar, asbestos dust from the railroad car from the outside furnace, and other asbestos containing materials. The plaintiff's last injurious exposure to asbestos was with Defendant/employer between the years 1974 through 1975, when the plant stopped using asbestos-containing products.
6. Plaintiff was diagnosed with asbestosis and was advised of this condition June 15, 1989.
7. This claim was filed by the plaintiff on Industrial Commission Form 18 on or about June 6, 1991. As of the date of the hearing, Plaintiff had received no compensation.
8. Plaintiff underwent his first and only Advisory Medical Committee examination by Dr. C. D. Young on November 4, 1991. It was Dr. Young's opinion that Plaintiff, more likely than not, had asbestosis.
9. The plaintiff contracted asbestosis as a result of his occupational exposure to asbestos and his last injurious exposure was while employed by Defendant/employer. Plaintiff's exposure to asbestos in his employment placed him at an increased risk of developing asbestosis than the general public not so exposed.
 *************
Based upon the foregoing Findings of Fact and stipulations, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has asbestosis as defined by N.C. Gen. Stat. § 97-62. Plaintiff's last injurious exposure to asbestos occurred while working for Defendant/employer before the plant stopped using asbestos materials. Therefore, Plaintiff is eligible for compensation pursuant to N.C. Gen. Stat. § 97-61.5.
2 In order for the uninsured Defendant/employer to incur liability in this case, Plaintiff's last injurious exposure to asbestos must have occurred during the time Defendant/employer was uninsured, which was before January 1, 1972. Plaintiff's last injurious exposure occurred after January 1, 1972. Therefore, the uninsured Defendant/employer has no liability. Barbour v. Babcockand Wilcox Construction Company, 101 N.C. App. 564,400 S.E.2d 735 (1991).
3. Defendant/carrier Cigna did not become the carrier on the risk until January 1, 1978, after all exposure to asbestos had occurred. Therefore, Defendant/carrier Cigna has no liability.Barbour v. Babcock and Wilcox Construction Company, 101 N.C. App. 564,400 S.E.2d 735 (1991).
4. The defendant/carrier Liberty Mutual was on the risk at the time of Plaintiff's last injurious exposure and is, therefore, liable for payment of compensation due Plaintiff pursuant to the Act.. N.C. Gen. Stat. § 97-57.
5. As a result of his contraction of asbestosis, Plaintiff is entitled to receive weekly compensation at the rate of $319.38 per week for a period of 104 weeks commencing as of November 4, 1991. N.C. Gen. Stat. § 97-61.5.
6. Plaintiff is entitled to receive medical compensation as a result of his contraction of asbestosis, including future medical monitoring for medication and other medical needs. N.C. Gen. Stat. § 97-59.
7. Plaintiff is entitled to receive additional examinations from the advisory medical committee as a result of his contraction of an occupational disease, asbestosis. N.C. Gen. Stat. § 97-61.3; N.C. Gen. Stat. § 97-61.4,
 *************
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits is allowed against Defendant/carrier Liberty Mutual Insurance Company. All other claims against the other Defendants in this case are DENIED.
2. For Plaintiff's contraction of asbestosis, Defendant/carrier Liberty Mutual, shall pay Plaintiff at the rate of $319.38 per week for a period of 104 weeks commencing as of November 4, 1991. Amounts which have accrued shall be paid to Plaintiff in lump sum, subject to an attorney fee approved in paragraph five of this Award.
3. The defendant/carrier Liberty Mutual shall pay all medical expenses incurred or to be incurred by Plaintiff as a result of his contraction of asbestosis.
4. Plaintiff shall undergo additional examinations as provided by law pursuant to the provisions of N.C. Gen. Stat. § 97-61.3 and § 97-61.4.
5. A reasonable attorney fee of twenty-five percent of the compensation due Plaintiff under paragraph one of this Award is approved for Plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due Plaintiff under paragraph one of this Award shall be deducted from the sum and paid directly to Plaintiff's counsel.
6. Defendant/carrier Liberty Mutual shall pay the costs.
This 21st day of July 1998.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/ _____________________ DIANNE C. SELLERS COMMISSIONER