***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pretrial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act at all relevant times.
2. Defendant is a duly qualified self-insured.
3. An employee-employer relationship existed between the parties at all relevant times. Plaintiff has been employed by defendant at its facility in Plymouth, North Carolina, from 8 August 1977, to the present.
4. Plaintiff was last injuriously exposed to asbestos during plaintiff's employment with defendant, and specifically, plaintiff was exposed to asbestos for 30 days within a seven month period, as is required by N.C. Gen. Stat. § 97-57.
5. Subsequent to the hearing before the Deputy Commissioner, defendant stipulated that plaintiff does suffer from an occupational disease, asbestosis; further that he was diagnosed with asbestosis on 29 May 1998, by Dr. Dennis Darcey. Defendant further agrees that a member of the North Carolina Occupational Disease Panel confirmed this diagnosis and that these medical records shall be stipulated into evidence for consideration by the undersigned.
6. It is stipulated that defendant manufactures paper and paper products such as paper for crafts, paper bags, boxes and pulp for baby diapers. The approximate size of defendant's plant in Plymouth, North Carolina, is of a mile long. The entire facility is built on approximately 350 acres and encompasses about 20 different buildings. The newest building was built in the 1960's and the vast majority of the insulation used in the original construction of the buildings was asbestos containing. There are steam producing boilers used at the facility in Plymouth, North Carolina. In addition, there are hundreds of miles of steam pipes which were covered with asbestos insulation. The heat coming off the steam pipes is used, among other things, to dry the wet pulp/paper.
7. It is stipulated that plaintiff primarily has worked for defendant since 1977. Plaintiff began his employment in the lime kiln area where his primary duty was shoveling lime into the kiln. The lime kiln was located in the power department. There were numerous steam pipes overhead wrapped in asbestos insulation which were necessary to keep the oil heated. While plaintiff worked in this area, he was exposed to asbestos dust from pipe insulation during repair work that was being done around him by other workers. Plaintiff went on to work as a utility man in the maintenance department. He also worked intermittently in the extra board department which would take him all over the plant doing odd jobs. He had numerous cleaning duties that would require him to sweep up areas that were covered in torn asbestos insulation and dust. He also used compressed air hoses to clean up these areas which caused big clouds of dust. Plaintiff has also worked as a forklift operator and truck driver which requires him to drive all over the plant including the power department, paper board department, fine paper, and paper machines Numbers 2 and 3. He has had asbestos exposures from asbestos present in these areas. He was not provided with any respiratory protection.
8. Plaintiff's income 52 weeks prior to his diagnosis in 1998 was $35,952.96, which is sufficient to justify the rate of $457.09 under the North Carolina Workers' Compensation Act for the diagnosing year of 1998. There is no evidence as to plaintiff's income for the 52 weeks prior to the 30 August 2000 issuance of the Order of Removal by Deputy Commissioner Garner.
9. Plaintiff contends that he is entitled to an award of 10% penalty pursuant to the provisions of N. G. Gen. Stat. § 97-12, and defendant agreed that should the claim be found compensable, defendant shall, by compromise, pay an amount of 5% of all compensation, exclusive of medical compensation. Defendant shall be subjected to a late penalty pursuant to N.C. Gen. Stat. § 97-18.
10. The parties agreed further that should plaintiff be awarded compensation, the undersigned may include language removing plaintiff from further exposure pursuant to N.C. Gen. Stat. § 97-62-5(b).
11. The parties further agreed that should the undersigned determine N.C. Gen. Stat. § 97-60 through § 97-61.7 to be unconstitutional, additional testimony could be offered by the parties on the issues of loss of wage earning capacity and/or disability.
12. The parties submitted for consideration by the Deputy Commissioner the medical records and reports of plaintiff by the following physicians:
a. Dr. Dennis Darcey
b. Dr. Phillip Lucas
c. Dr. Fred Dula
d. Dr. L. C. Rao
e. Dr. Richard C. Bernstein
f. Dr. Ted R. Kunstling
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter came on for hearing before the Full Commission after plaintiff's first examination and medical reports establishing that he has asbestosis. Plaintiff is currently employed by defendant-employer.
2. Plaintiff has contracted asbestosis and asbestosis-related pleural disease as a result of his injurious exposure to the hazards of asbestos while employed by defendant-employer, Weyerhaeuser Company.
3. Based upon the stipulated description of plaintiff's job duties while employed by defendant and other evidence submitted, the undersigned finds as fact that plaintiff was exposed to asbestos containing materials on a regular basis for more than 30 working days or parts thereof inside of seven consecutive months from 1977 until the present.
4. On 29 May 1998, plaintiff was examined by Dr. Dennis Darcey of the Division of Occupational Environmental Medicine of Duke University. Dr. Darcey reported that plaintiff's pulmonary function studies show a mixed pattern of mild restriction and obstruction in a non-smoker. The radiographic studies show mild interstitial changes and pleural thickening on the plain film and mild interstitial changes on the high resolution CT. Dr. Darcey opined that these findings may suggest very early changes consistent with asbestosis. He assigned a respiratory impairment rating of Class 2 based on AMA Guidelines. Dr. Darcey recommended that plaintiff undergo periodic monitoring for progression of asbestos related disease including pulmonary function and chest x-ray, because further deterioration in pulmonary function can occur even after exposure has ceased.
5. Dr. Fred M. Dula of Piedmont Radiology in Salisbury, a radiologist and B-reader, interpreted a CT scan and chest x-ray of plaintiff dated 18 December 1997. It was his opinion that there are mild interstitial and slight pleural thickening which would be consistent with mild asbestosis in the appropriate clinical situation.
6. Dr. Phillip H. Lucas, a radiologist and NIOSH B-reader, reviewed the chest x-ray dated 18 December 1997. His opinion is that there are bilateral interstitial fibrotic changes consistent with asbestosis in a patient who has had an adequate exposure history and latency period.
7. Dr. Richard C. Bernstein, a NIOSH certified B-reader, reviewed the chest x-ray dated 18 December 1997. He reports parenchymal abnormalities consistent with pneumoconiosis in the mid and lower lung zones with a profusion of 1/0.
8. Dr. L. C. Rao, a NIOSH certified B-reader at Pulmonary Medicine Associated, reviewed the chest x-ray dated 18 December 1997. He noted irregular opacities present in the lower lung zones bilaterally with 1/0 profusion, diaphragmatic pleural plaque on the right and pleural calcification of the diaphragmatic pleura on the right. Dr. Rao concluded that in the presence of a significant exposure history to asbestos dust, these findings are consistent with diagnoses of bilateral interstitial fibrosis due to asbestosis and diaphragmatic plaque with calcification on the right side.
9. Dr. Ted R. Kunstling, a pulmonologist and member of the N.C. Industrial Commission Occupational Disease Panel, examined plaintiff at the request of the Industrial Commission on 7 July 1999. Dr. Kunstling conducted a full physical evaluation, performed a pulmonary function study and chest x-ray, and reviewed other medical records. It was his conclusion that plaintiff has probable asbestosis with history of bystander asbestos exposure and slight restrictive pulmonary impairment.
10. Plaintiff does suffer from asbestosis and asbestos related pleural disease as a result of his many years of asbestos exposure while employed by defendant. His pulmonary impairment is permanent and is likely to progress. Plaintiff would benefit from medical monitoring, evaluation and some treatment in the future as a result of his asbestosis and asbestos related pleural disease. Further, the medical monitoring is reasonably necessary due to his increased risk of developing lung and other asbestos related cancers.
11. Based upon the evidence of record, the Full Commission is required to issue an Order of Removal for plaintiff, pursuant to N.C. Gen. Stat. § 97-61.5. The Order of Removal does not constitute an order removing plaintiff from his employment with defendant, but plaintiff must be ordered removed from any occupational exposure to asbestos for the remainder of his employment.
12. Plaintiff's average weekly wage was $685.63 entitling plaintiff to the workers' compensation rate of $457.09 during his diagnosing year of 1998. There is no evidence in the record of plaintiff's average weekly wage for the 52 weeks prior to the 30 August 2000 issuance of the Order of Removal by Deputy Commissioner Garner.
11. The provisions of N.C. Gen. Stat. §§ 97-60 et seq. are not unconstitutional.
12. Plaintiff seeks attorney's fees from defendant in this case on the grounds that defendant defended this claim without reasonable ground. This issue should be reserved for subsequent determination at the final hearing in this matter.
 ***********
Based upon the stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff contracted the occupational diseases of asbestosis and asbestos related pleural disease as a result of his employment with defendant. N.C. Gen. Stat. § 97-53(24) and § 97-62.
2. Plaintiff was last injuriously exposed to the hazards of asbestos dust while employed by defendant, and for as much as 30 days or parts thereof, within seven consecutive months, which exposure proximately augmented his asbestosis. N.C. Gen. Stat. § 97-57; Clark v. ITTGrinnell Industrial Piping, Inc., 141 N.C. App. 417, 539 S.E.2d 369
(2000); Haynes v. Feldspar Producing Co., 222 N.C. 163, 22 S.E.2d 275
(1942); Barber v. Babcock Wilcox Construction Company,101 N.C. App. 564, 400 S.E.2d 735 (1991).
3. N.C. Gen. Stat. § 97-61.5 provides in pertinent part that following a first hearing determination by the Industrial Commission that a claimant has asbestosis, based upon either medical evidence or by agreement of the parties, the Commission "shall by order remove the employee from any occupation which exposes him to the hazards of asbestosis . . ." and that upon removal the employee shall be entitled to "weekly compensation equal to sixty-six and two-thirds percent of his average weekly wages . . . which compensation shall continue for a period of 104 weeks." In the instant case, the parties have stipulated that plaintiff has asbestosis; that he was last injuriously exposed to asbestos during his employment with defendant and that the exposure was for 30 days within a seven month period; that plaintiff remains in defendant's employ; and that should plaintiff be awarded compensation, an Order of Removal is appropriate to protect plaintiff from further exposure. Accordingly, the Commission hereby issues an Order of Removal. Id. The Order of Removal does not constitute an order removing plaintiff from his employment with defendant, but plaintiff is ordered removed from any occupational exposure to asbestos for the remainder of his employment.
4. While it has been determined that a retiree who is no longer employed by the asbestos-exposing industry is not entitled to an order of removal and the subsequent award because he no longer faces the possibility of exposure, see Austin v. General Tire, 354 N.C. 344,553 S.E.2d 680 (2001), in this case plaintiff remains in defendant's employ. It has long been recognized that the purpose of the order of removal is not only to stop continuing exposure of the employee to asbestos fibers, but also to ensure that the employee who continues to work avoids any future exposure. See Roberts v. Southeastern Magnesiaand Asbestos Co., 61 N.C. App. 706, 301 S.E.2d 742 (1983). It has also long been recognized that the award of 104 weeks of compensation has the additional purpose to compensate the employee for the incurable nature of the disease. Honeycutt v. Carolina Asbestos Co., 235 N.C. 471,70 S.E.2d 426 (1952).
5. Pursuant to N.C. Gen. Stat. § 97-61.5, the weekly amount of plaintiff's 104 weeks of compensation is to be based upon his "average weekly wages before removal from the industry, but no more than the amount established annually to be effective October 1 as provided in G.S. § 97-29. . . ." The record contains plaintiff's average weekly wages for 1998, the year of his diagnosis, but does not provide plaintiff's average weekly wage for 2000, the year the Deputy Commissioner issued the Order of Removal. Because the statute mandates that plaintiff's compensation is to be determined by his average weekly wage at the time of the removal, the record must be held open to receive that evidence. Therefore, plaintiff is entitled to 104 weeks of compensation as a result of his diagnosis of asbestosis at the weekly benefit rate of two thirds of his average weekly wage for the 52 weeks prior to 30 August 2000, said amount to be determined upon receipt of plaintiff's income for that period. N.C. Gen. Stat. § 97-61.5; Roberts v. SoutheasternMagnesia and Asbestos Co., 61 N.C. App. 706, 301 S.E.2d 742 (1983).
6. The issue of the constitutionality of N.G. Gen. Stat. §§ 97-60et seq. has been raised by defendant and ruled upon by the North Carolina Court of Appeals. In Jones v. Weyerhaeuser Co., 141 N.C. App. 482,539 S.E.2d 380 (2000), disc. review denied, 353 N.C. 525, 549 S.E.2d 858
(2001), and in Clark v. ITT Grinnell Industrial Piping, Inc.,141 N.C. App. 417, 539 S.E.2d 369 (2000), the Court ruled unanimously that the provisions of N.C. Gen. Stat. § 97-61.5 are not unconstitutional.
7. Plaintiff is entitled to have defendant pay for such medical expenses incurred or to be incurred as a result of plaintiff's asbestos related pleural disease and asbestosis as may be required to monitor, provide relief, effect a cure or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25, § 97-59.
8. Plaintiff is entitled to undergo subsequent examinations as provided by law, pursuant to the provisions of N.C. Gen. Stat. §§ 97-61.1et seq. and is further entitled to any additional benefits due to plaintiff which shall be determined after additional examinations and hearings.
9. By agreement of the parties, plaintiff is entitled to recover a penalty of 5% of any compensation due him exclusive of medical compensation. By further agreement of the parties, defendant shall be subjected to a late penalty pursuant to N.C. Gen. Stat. § 97-18.
10. Plaintiff's claim for attorney's fees from defendant on the ground that defendant unreasonably defended this claim pursuant to N.C. Gen. Stat. § 97-88.1 is hereby held in abeyance until the final award is issued in this claim.
11. This claim must be remanded to a deputy commissioner for further hearing (if necessary) following subsequent examinations as required under N.C. Gen. Stat. § 97-61 et seq. Plaintiff's eligibility for further indemnity compensation under the Act beyond the 104 weeks awarded herein and any other issues in controversy are hereby held in abeyance pending the outcome of further hearings.
 *********** ORDER OF REMOVAL
Plaintiff is hereby ordered to be removed from further exposure to asbestos. N.C. Gen. Stat. § 97-61.5(b).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendant shall pay to plaintiff compensation for 104 weeks as a result of his admitted contraction of asbestosis, and asbestos related pleural disease while employed by defendant, at a weekly rate to be determined upon receipt of evidence as to plaintiff's average weekly wage for the 52 weeks prior to the 30 August 2000 issuance of the Order of Removal by Deputy Commissioner Garner. Said sum shall be paid in a lump sum to plaintiff without commutation subject to an award of attorney's fee.
2. Defendant shall pay an additional weekly sum of 5% of the weekly compensation awarded in Paragraph 1 above to plaintiff which shall also be paid in a lump sum. As to any future weekly compensation or other compensation due, the defendant shall increase the amount of such weekly compensation and/or lump sum compensation awarded, by 5%. As per agreement of the parties, defendant shall be subjected to a late penalty pursuant to N.C. Gen. Stat. § 97-18.
3. Defendant shall pay all medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Plaintiff shall undergo additional examinations as provided by law.
5. A reasonable attorney's fee of 25% of the compensation due plaintiff as was awarded in paragraphs 1 and 2 above is approved for plaintiff's counsel. Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to his counsel.
6. Defendant shall pay the costs of this proceeding.
 *********** ORDER REMANDING
This claim is hereby remanded to a deputy commissioner for further hearing (if necessary) following subsequent examinations as required under N.C. Gen. Stat. § 97-61 et seq. Plaintiff's eligibility for further indemnity compensation under the Act beyond the 104 weeks awarded herein and any other issues in controversy are hereby held in abeyance pending the outcome of further hearings.
This the ___ day of July, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER