BEAMAN WALTERS, Employee, Plaintiff; v. ALGERNON BLAIR, Employer; UNITED STATES FIDELITY AND GUARANTY COMPANY, Carrier, Defendants  .

No. COA94-1239

(Filed 3 October 1995)

**Workers' Compensation § 200 (NCI4th)— asbestosis—two-year exposure in North Carolina required—violation of equal protection—statute unconstitutional**

N.C.G.S. § 97-63, which provides that compensation shall not be payable for disability or death due to silicosis or asbestosis unless the employee was exposed in employment for not less than two years in North Carolina during the ten years prior to his last exposure, denies plaintiff equal protection of the law under both the North Carolina and United States Constitutions in that it treats persons with asbestosis differently than persons with other occupational diseases and does so without any valid reason; therefore, the statute is unconstitutional.

**Am Jur 2d, Workers' Compensation § 326.**

Appeal by plaintiff from Opinion and Award For the Full Commission entered 28 June 1994. Heard in the Court of Appeals 30 August 1995.

*The Law Offices of Robin E. Hudson, by Robin E. Hudson and Faith Herndon, for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Jack S. Holmes and John D. Elvers, for defendant-appellees.*

GREENE, Judge.

Pursuant to N.C. Gen. Stat. § 97-86, Beaman Walters (plaintiff) appeals from an Opinion and Award of the Industrial Commission (Commission) entered 28 June 1994, which adopted the Deputy Commissioner's findings and conclusions contained in its Opinion and Award entered 3 November 1993, and denied plaintiff's claim for worker's compensation benefits.

Plaintiff has worked as a welder and pipe fitter most of his life until he retired in 1985. As a welder and pipe fitter, plaintiff worked for multiple employers and was exposed to asbestos throughout his career. As a result of this exposure, plaintiff has been diagnosed as having asbestosis. Plaintiff's last exposure to asbestos was while he was employed by Algernon Blair (defendant). Plaintiff worked for defendant thirty-five days, from 17 November 1980 to 21 December 1980, at which time he was exposed to asbestos on a daily basis.

The Commission found as a fact that the plaintiff "has not been exposed to the hazards of inhalation of asbestos dust for a period of not less than two years in the State of North Carolina during the ten years prior to his last exposure to the hazards of the same disease while working for defendant-employer in December of 1980." The Commission concluded that the plaintiff had "developed asbestosis" "[a]s a result of exposure to asbestos dust during his many years of work in the construction trade as a pipe welder." The Commission, however, denied plaintiff's claim because he was not exposed, as required by N.C. Gen. Stat. § 97-63, to asbestos dust for a period of at least two years "in North Carolina during the ten years prior to his last exposure." The plaintiff argued before the Commission that N.C. Gen. Stat. § 97-63 was unconstitutional and therefore could not be used to deny him compensation. The dispositive issue is whether N.C. Gen. Stat. § 97-63 is constitutional.

The dispositive issue is whether N.C. Stat. § 97-63 is constitutional.

N.C. Gen. Stat. § 97-63 provides:

Compensation shall not be payable for disability or death due to silicosis and/or asbestosis unless the employee shall have been exposed to the inhalation of dust of silica or silicates or asbestos dust in employment for a period of not less than two years in this State, provided no part of such period of two years shall have been more than 10 years prior to the last exposure.

N.C.G.S. § 97-63 (1991). The plaintiff argues that this statute denies him equal protection of the law under both the North Carolina Constitution and the United States Constitution in that it treats persons with asbestosis differently than persons with other occupational diseases and does so without any valid reason. We agree.

The principle of equal protection of the law is explicit in both the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Constitution of North Carolina, *S.S. Kresge Co. v. Davis*, 277 N.C. 654, 660, 178 S.E.2d 382, 385 (1971), and requires that all persons similarly situated be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216, 72 L. Ed. 2d 786, 798, *reh'g denied*, 458 U.S. 1131, 73 L. Ed. 2d 1401 (1982). In evaluating the constitutionality of challenged classifications under the federal and state constitutions, our courts have used the same test. *Duggins v. Board of Examiners*, 294 N.C. 120, 131, 240 S.E.2d 406, 413 (1978). If the statute impacts upon a suspect class or a fundamental right, the government must "demonstrate that the classification is necessary to promote a compelling governmental interest" (strict scrutiny). *Texfi Indus., Inc. v. City of Fayetteville*, 301 N.C. 1, 11, 269 S.E.2d 142, 149 (1980). If the statute does not impact upon a suspect class or a fundamental right, it is only necessary to show that the classification created by the statute bears a rational relationship to or furthers some legitimate state interest (minimum scrutiny). *State Util. Comm'n v. Carolina Util. Customers Ass'n, Inc.*, 336 N.C. 657, 681, 446 S.E.2d 332, 346 (1994).

Although the plaintiff contends the statute should be subject to strict scrutiny, he alternatively argues that it cannot survive even minimum scrutiny. We agree.

We first determine that the Equal Protection Clause is implicated in this case. The plaintiff suffers from asbestosis, a specifically enumerated occupational disease, N.C.G.S. § 97-53(24) (1991), and is therefore situated similarly to all other persons with occupational diseases. The question is whether N.C. Gen. Stat. § 97-63, which treats employees with asbestosis and silicosis differently from employees with other occupational diseases, furthers some legitimate state interest.

The defendants argue that the "governmental interests that are served by G.S. § 97-63 include the prevention of forum shopping and the economic interest served by ensuring that North Carolina employers are not burdened with having to pay workers' compensation claims for which they are not responsible." The statute, they contend,

"operates to ensure that employees claiming benefits will have had some rational relationship to the employers ultimately being held responsible for any such claims." Although the prevention of forum shopping and the protection against claims for which the employer is not responsible are legitimate state interests and are served by N.C. Gen. Stat. § 97-63, the statute is grossly underinclusive in that it does not include all who are similarly situated. *See* Lawrence Tribe, *American Constitutional Law* § 16-4 (2d ed. 1988) (underinclusive classification burdens "less than would be logical to achieve the intended governmental end"); *see also Zablocki v. Redhail*, 434 U.S. 374, 390, 54 L. Ed. 2d 618, 633 (1978) (finding statute underinclusive and therefore unconstitutional); *Bernal v. Fainter*, 467 U.S. 216, 221, 81 L. Ed. 2d 175, 181 (1984) (a classification that is substantially underinclusive undercuts the governmental claim that the classification serves state interests). There are, as noted by the plaintiff, "many other serious diseases, such as byssinosis, that develop over time and to which N.C. Gen. Stat. § 97-63 does not apply" and the defendants have not asserted any justification for treating asbestosis and silicosis differently from these other serious diseases. Accordingly, the constitutionality of N.C. Gen. Stat. § 97-63 cannot be sustained and this case must be remanded to the Commission.

Reversed and remanded.

Judges WYNN and MARTIN, John C., concur.