EDDIE G. JONES, Employee-Plaintiff-Appellee v. WEYERHAEUSER COMPANY,
SELF-INSURED, Employer-Defendant-Appellant

No. COA99-742

(Filed 29 December 2000)

**1. Constitutional Law— standing—equal protection—workers' compensation defendant**

The argument of a workers' compensation defendant that it had standing to raise an equal protection argument against a special compensation scheme for workers suffering from asbestosis or silicosis was tenuous at best. The class discriminated against, if any, would be the larger class of employees who have contracted other occupational diseases.

**2. Constitutional Law— equal protection—asbestosis and silicosis compensation**

Defendant-employer's equal protection rights were not violated by N.C.G.S. § 97-61.5, a workers' compensation statute providing special compensation for workers suffering from asbestosis or silicosis. Defendant conceded that there was no suspect class or fundamental right affected by the statute and the classification made by the legislature was rationally related to a legitimate governmental interest, to account for the incurable, latent and unique nature of these diseases, factors not apparent in other occupational diseases.

Judge GREENE concurring.

Appeal by defendant from opinion and award of the North Carolina Industrial Commission entered 25 February 1999. Heard in the Court of Appeals 28 March 2000.

*Hilliard & Jones, by Maola Jones, and The Law Offices of Robin E. Hudson, by Samuel A. Scudder, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Robert C. Kerner, Jr. and Tracey L. Jones, for defendant-appellant.*

McGEE, Judge.

Weyerhaeuser Company (defendant) appeals an opinion and award of the North Carolina Industrial Commission (the Commission) entered 25 February 1999 pursuant to N.C. Gen. Stat. § 97-86

JONES v. WEYERHAEUSER CO.

[141 N.C. App. 482 (2000)]

(1999). A deputy commissioner filed an opinion and award on 30 July 1998 awarding workers' compensation benefits to plaintiff Eddie G. Jones. The Commission entered an opinion and award affirming and modifying the deputy commissioner's award.

The Commission found that plaintiff was employed by defendant for more than thirty-one years as a pipe fitter, maintenance mechanic, and millwright, beginning in 1966. The parties stipulated that plaintiff was exposed to asbestos fibers during his employment with defendant. Defendant transferred plaintiff to the finishing department in 1989 because he was diagnosed with a "probable" asbestos-related lung condition.

The Commission's findings of fact included: (1) plaintiff had proven by the greater weight of the evidence that he had developed asbestosis; (2) plaintiff's employment was a significant contributing factor in the development of his asbestosis; (3) plaintiff's employment placed him at an increased risk of developing asbestosis compared to members of the general public; and (4) plaintiff's last injurious exposure to asbestos fibers ended in 1989 when he was transferred to the finishing department. Based upon its findings of fact, the Commission concluded that plaintiff developed asbestosis as defined by N.C. Gen. Stat. §§ 97-53(24) (1999) and 97-62 (1999). The Commission awarded plaintiff benefits of $376.00 per week for 104 weeks, pursuant to N.C. Gen. Stat. § 97-61.5(b) (1999), and concluded that the provisions of N.C.G.S. § 97-61.5 were not unconstitutional. Defendant appeals.

**[1]** Defendant argues that the Commission erred in its finding of fact and conclusion of law that the provisions of N.C.G.S. § 97-61.5 are not unconstitutional. Defendant contends that the statute denies it equal protection of the law under both the North Carolina Constitution and the United States Constitution because the statute treats employers with employees who are exposed to asbestos and silica differently than employers with employees who are not exposed to asbestos and silica. In response, plaintiff contends that defendant does not have standing to challenge the constitutionality of N.C.G.S. § 97-61.5.[1]

---

1. Although plaintiff failed to cross-assign error to this issue in violation of N.C.R. App. P. 10(d), we believe that we may not reach the merits of a constitutional challenge if the challenging party lacks standing. *See, e.g., State v. Waters,* 308 N.C. 348, 355, 302 S.E.2d 188, 193 (1983) (stating that the constitutionality of a statute may only be contested by a litigant who has standing to challenge the statute); *Apartments, Inc. v. Landrum,* 45 N.C. App. 490, 494-95, 263 S.E.2d 323, 326 (1980) (refusing to address defendant's constitutional challenge because defendant "ha[d] no standing to attack the statutes"); *see also Safeco Co. v. City of White House, Tenn.,* 191 F.3d 675, 689 (6th

"The general rule is that 'a person who is seeking to raise the question as to the validity of a discriminatory statute has no standing for that purpose unless he belongs to the class which is prejudiced by the statute.' " *In re Appeal of Martin*, 286 N.C. 66, 75, 209 S.E.2d 766, 773 (1974) (citation omitted); *see also Roberts v. Durham County Hospital Corp.*, 56 N.C. App. 533, 289 S.E.2d 875 (1982), *aff'd per curiam*, 307 N.C. 465, 298 S.E.2d 384 (1983); *Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 263 S.E.2d 323 (1980); *State v. Vehaun*, 34 N.C. App. 700, 239 S.E.2d 705 (1977). The statute presently challenged is N.C.G.S. § 97-61.5(b), which states:

> If the Industrial Commission finds at the first hearing that the employee has either asbestosis or silicosis or if the parties enter into an agreement to the effect that the employee has silicosis or asbestosis, it shall by order remove the employee from any occupation which exposes him to the hazards of asbestosis or silicosis, and if the employee thereafter engages in any occupation which exposes him to the hazards of asbestosis or silicosis without having obtained the written approval of the Industrial Commission as provided in G.S. 97-61.7, neither he, his dependents, personal representative nor any other person shall be entitled to any compensation for disablement or death resulting from asbestosis or silicosis; provided, that if the employee is removed from the industry the employer shall pay or cause to be paid as in this subsection provided to the employee affected by such asbestosis or silicosis a weekly compensation equal to sixty-six and two-thirds percent (66 ⅔%) of his average weekly wages before removal from the industry, but not more than the amount established annually to be effective October 1 as provided in G.S. 97-29 or less than thirty dollars ($30.00) a week, which compensation shall continue for a period of 104 weeks.

The statute thus provides a special compensation scheme for workers suffering from asbestosis or silicosis—a narrow class of occupational disease-suffering employees. Accordingly, the class discriminated against, if any, would be the larger class of employees who have contracted occupational diseases other than asbestosis or silicosis. Defendant's argument, however, is that because its business exposed its workers to asbestos, defendant is "burdened with additional liability for workers compensation benefits, with which similarly situated employers" (whose businesses did not expose their

Cir. 1999) ("Although no party mentions whether Appellants have standing to challenge the constitutionality of the statute, this court must assure itself of jurisdiction.").

workers to asbestos or silica) are not so burdened. Defendant's argument is at best tenuous.

[2] Nonetheless, even assuming *arguendo* that defendant does have standing to assert a constitutional challenge to N.C.G.S. § 97-61.5, we agree with the Commission that the statute is not unconstitutional. *See Roberts*, 56 N.C. App. at 539, 289 S.E.2d at 878-79 ("Assuming that plaintiffs had standing to attack N.C. Gen. Stat. § 1-15(c), the statute is not unconstitutionally discriminatory."). Equal protection, as guaranteed by the United States Constitution and Article I, Section 19 of the Constitution of North Carolina, "requires that all persons similarly situated be treated alike." *Walters v. Blair*, 120 N.C. App. 398, 400, 462 S.E.2d 232, 233 (1995) (citation omitted), *aff'd per curiam*, 344 N.C. 628, 476 S.E.2d 105 (1996). In evaluating the constitutionality of a statute, the *Walters* Court stated,

> If the statute impacts upon a suspect class or a fundamental right, the government must "demonstrate that the classification is necessary to promote a compelling governmental interest" (strict scrutiny). If the statute does not impact upon a suspect class or a fundamental right, it is only necessary to show that the classification created by the statute bears a rational relationship to or furthers some legitimate state interest (minimum scrutiny).

*Id.* at 400, 462 S.E.2d at 234 (internal citations omitted). Defendant concedes, and we agree, that no suspect class or fundamental right is affected by the statute; however, defendant contends that the statute cannot survive even minimum scrutiny. Our Court has discussed the rational basis test:

> "The constitutional safeguard (of equal protection) is offended only if the classification rests on grounds *wholly irrelevant* to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any statement of facts reasonably may be conceived to justify it."

*Roberts*, 56 N.C. App. at 539, 289 S.E.2d at 879 (emphasis added) (quoting *McGowan v. Maryland*, 366 U.S. 420, 425-26, 6 L. Ed. 2d 393, 399 (1961)). Defendant cannot overcome the high hurdle established by application of the rational basis test.

Our Supreme Court has set out the importance of the asbestosis and silicosis statutes and the necessary distinction between those diseases and other occupational diseases:

[P]roper consideration of the special provisions of the statutes relating to asbestosis and silicosis must rest upon a conviction that in passing these laws the Legislature gave due heed to the nature of these diseases.

The definition of silicosis itself makes it plain that the legislators approved the amendment covering occupational diseases with full knowledge that silicosis is a disease of the lungs contracted by breathing air containing silica dust. Besides, an analysis of the pertinent sections as a whole indicates that the lawmakers acted with an awareness of the discoveries of medicine and industry that silicosis is characterized by shortness of breath, decreased chest expansion, lessened capacity for work, reduced vitality, and a marked susceptibility to tuberculosis; that the average time before symptoms of the disease develop is from ten to fifteen years; that silicosis is incurable; that whether silicosis will result in death or disability to a particular worker is dependent on his susceptibility to the affliction and the duration and intensity of his exposure to silica dust; and that silicosis is a progressive disease, the lung changes continuing to develop for one or two years after complete removal of the worker from silica hazard.

. . . .

When the special provisions of the occupational disease amendment relating to asbestosis and silicosis are read in their entirety, it is apparent that they are designed to effect these objects: (1) To prevent the employment of unaffected persons peculiarly susceptible to asbestosis or silicosis in industries with dust hazards; (2) to secure compensation to those workers affected with asbestosis or silicosis, whose principal need is compensation; and (3) to provide compulsory changes of occupations for those workmen affected by asbestosis or silicosis, whose primary need is removal to employments without dust hazards.

Obviously, the Legislature enacted [N.C.G.S. § 97-61.5] for the paramount purpose of securing to an affected worker undergoing a compulsory change of occupation an independent position as a wage earner in some work free from dust hazards. When the language of the statute is considered in the light of the mischief sought to be avoided and the remedies intended to be applied, it becomes manifest that the Legislature has authorized the

Industrial Commission to order a forced change of occupation for an employee affected by asbestosis or silicosis only in case it appears to the Commission that there is a reasonable basis for the conclusion that such employee possesses the actual or potential capacity of body and mind to work with substantial regularity during the foreseeable future in some gainful occupation free from the hazards of asbestosis and silicosis. . . . [A] contrary interpretation must necessarily be based upon the absurd premise that the lawmakers legislated in ignorance of, or with indifference to, the self-evident facts that the incapacity of a workman affected by asbestosis or silicosis to adapt himself to new employment or the progression of his disease may render it impossible for him to obtain or follow a gainful occupation in a new sphere of activity.

*Young v. Whitehall Co.*, 229 N.C. 360, 365-68, 49 S.E.2d 797, 800-03 (1948) (internal citations omitted).

Moreover, our Supreme Court found significant "the distinction made by the Legislature between asbestosis and silicosis, and other occupational diseases[.]" *Honeycutt v. Asbestos Co.*, 235 N.C. 471, 476, 70 S.E.2d 426, 430 (1952). "An employee does not contract or develop asbestosis or silicosis in a few weeks or months. These diseases develop as the result of exposure for many years to asbestos dust or dust of silica. Both diseases, according to the textbook writers, are incurable and usually result in total permanent disability." *Id.* at 476-77, 70 S.E.2d at 430.

Thus, under *Roberts*, the classification made by the General Assembly is, at a minimum, rationally related to a legitimate governmental interest. 56 N.C. App. at 539, 289 S.E.2d at 879. Although defendant cites *Walters*, 120 N.C. App. 398, 462 S.E.2d 232, in support of its contention that N.C.G.S. § 97-61.5 is unconstitutional, we find that case readily distinguishable. In *Walters*, the plaintiff-employee challenged the constitutionality of N.C. Gen. Stat. § 97-63 (1991), which required claimants suffering from asbestosis or silicosis to have been employed in North Carolina for two years. The purposes of that statute were to "prevent[] [] forum shopping and [to] protect[] against claims for which the employer is not responsible." *Id.* at 401, 462 S.E.2d at 234. Our Court held that, while those were legitimate state interests, "the statute is grossly underinclusive in that it does not include all who are similarly situated." *Id.* (citations omitted).

JONES v. WEYERHAEUSER CO.

[141 N.C. App. 482 (2000)]

The statute at issue in *Walters* imposed upon claimants suffering from asbestosis or silicosis an additional burden for recovery not so imposed on claimants with other occupational diseases. The purposes for which the statute was enacted were equally applicable to all claimants suffering from occupational diseases. Conversely, N.C.G.S. § 97-61.5 was enacted as an added benefit to employees suffering from asbestosis or silicosis, and its purpose was to account for the incurable, latent, and unique nature of asbestosis and silicosis, factors not apparent in other occupational diseases. Accordingly, *Walters* is inapplicable to the case before us, and defendant's argument is without merit.

The opinion and award of the Commission is affirmed.

Judge EDMUNDS concurs.

Judge GREENE concurs with a separate opinion.

Judge GREENE concurring.

I write separately because I believe defendant has standing to raise a constitutional challenge to N.C. Gen. Stat. § 97-61.5.

Any party who "alleges some direct injury in fact" has standing to challenge the constitutionality of a statute. *See Greene v. Town of Valdese,* 306 N.C. 79, 88, 291 S.E.2d 630, 636 (1982). Defendant argues in its brief to this Court that employers such as itself "whose workers have had occupational exposure to asbestos and silica are burdened with additional liability for workers['] compensation benefits, with which similarly situated employers are not so burdened." This alleged additional liability, which is not imposed on similarly situated employers, would cause a direct injury to defendant. Accordingly, defendant has standing to bring its claim that section 97-61.5 is unconstitutional. Otherwise, I fully concur in the majority's opinion.