***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Jones, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between deceased employee and defendant.
3. Defendant is self insured.
4. Deceased employee's income for the fifty-two (52) weeks prior to the date of his death was $62,628.21.
5. Deceased employee was employed by defendant at its Plymouth facility from November 27, 1967, until his death on September 18, 2000.
6. Deceased employee was last injuriously exposed to asbestos during deceased employee's employment with defendant and deceased employee was exposed to asbestos for thirty (30) days within a seven (7) month period as set forth in N.C. Gen. Stat. § 97-57.
7. Defendant manufactures paper and paper products including paper for crafts, bags, boxes, and pulp for baby diapers. The approximate size of defendant's plant in Plymouth, North Carolina is 3/4 of a mile long. The entire facility is built on approximately 350 acres and encompasses about 20 different buildings. The newest building was built in the 1960's and the vast majority of the insulation used in the original construction of the buildings contained asbestos. Steam-producing boilers are used in the facility, along with hundreds of miles of steam pipes covered with asbestos insulation. The heat coming off of the steam pipes is used, among other things, to dry the wet pulp/paper.
8. Deceased employee worked on a paper machine at the Weyerhaeuser facility from 1967 until his death. Deceased employee had his heaviest asbestos exposure during the first ten (10) years of his employment when he cut coils, put on wet and dry asbestos dryer felts, worked in areas where there were asbestos hoods, wore asbestos gloves, and tore off asbestos covering on pipes. Additionally, deceased employee was exposed to asbestos while cleaning up his work area, which had overhead pipes insulated with asbestos. Finally, applying asbestos-lined break pads to the paper machine also increased deceased employee's exposure to asbestos.
9. Deceased employee suffered from an occupational disease, asbestosis, having been diagnosed with asbestosis on October 15, 1998 by Dr. Dominic Gaziano. This diagnosis was confirmed by Allen Hayes, M.D., on August 22, 2000. Deceased employee's diagnosis of asbestosis was confirmed by other physicians and these medical records have been stipulated into evidence as Stipulated Exhibit 1.
10. Deceased employee died on September 18, 2000, and the cause of his death was related to injuries arising from an automobile accident. Deceased employee's asbestosis was unrelated to his death.
11. The issues before the Full Commission are: (1) whether N.C. Gen. Stat. §§ 97-60 through 97-61 are constitutional; (2) whether N.C.G.S. § 97-61.5 is applicable to this case; and (3) whether deceased employee's executrix is entitled to attorney fees for the unreasonable defense of this claim.
12. Deceased employee's executrix contends that she is entitled to an award of a 10% penalty pursuant to the provisions of N.C. Gen. Stat. § 97-12, and the defendant stipulated that should the claim be found compensable, the defendant would agree by compromise to pay an amount of 5% of all compensation, exclusive of medical compensation, as an award of penalty pursuant thereto.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Deceased employee was an employee of defendant at its Plymouth, North Carolina, facility from November 27, 1967, until his death on September 18, 2000.
2. Deceased employee's death was caused by injuries incurred in an automobile accident and was unrelated to his asbestosis. Deceased employee is survived by his widow, Mary Raynard, and non-dependent children.
3. Deceased employee was exposed to asbestos dust from a variety of sources during his employment at defendant's Plymouth facility. Deceased employee was exposed to dust from asbestos dryer felts, asbestos hoods, asbestos gloves, asbestos brake pads, and asbestos insulation on pipes in the facility.
4. Deceased employee was exposed to asbestos-containing materials on a regular basis for more than for more than thirty (30) days or parts thereof inside seven (7) consecutive months from 1967 to 2000.
5. Dominic Gaziano, M.D., initially diagnosed deceased employee with asbestosis on November 23, 1998, while deceased employee was still employed by defendant.
6. Albert Curseen, M.D., diagnosed deceased employee with asbestosis on August 31, 1999. Dr. Curseen's diagnosis was based upon deceased employee's history of asbestos exposure with an adequate latency period, his chest radiograph, clubbing of the fingernails, bibasilar rales, and a history of dyspnea on exertion. Dr. Curseen saw deceased employee for a follow up examination on May 10, 2000, and confirmed his previous diagnosis.
7. Allen Hayes, M.D., performed an advisory medial evaluation and determined deceased employee had asbestosis with possible asbestos-associated pleural thickening. Dr. Hayes also determined that his impairment would be 20-40%.
8. Fred Dula, M.D., interpreted the CT scan and chest x-ray dated March 16, 2000, and determined that there were interstitial and pleural changes consistent with asbestosis.
9. Richard Bernstein, M.D., interpreted a chest x-ray dated August 28, 1999, and reported parenchymal abnormalities consistent with asbestosis.
10. Paul Venizelos, M.D., interpreted a chest x-ray dated February 4, 2000, and reported radiographic finding consistent with bilateral interstitial fibrosis due to asbestosis and asbestos associated pleural fibrosis.
11. George Grauel, M.D., interpreted a chest x-ray dated August 28, 1999, and noted medium irregular opacities and en profile pleural plaque along the left lower lateral chest wall which could be associated with the underlying pneumoconiosis.
12. Phillip Lucas, M.D., interpreted a chest x-ray dated August 28, 1999, and found bilateral interstitial fibrotic changes consistent with asbestosis.
13. James Johnson, M.D., interpreted a chest x-ray dated October 15, 1998, and reported parenchymal and pleural abnormalities consistent with pneumoconiosis of asbestosis.
14. Deceased employee developed asbestosis, an occupational disease, as a result of his employment with defendant. Deceased employee's employment with defendant placed him at an increased risk of developing asbestosis as compared to members of the general public.
16. Deceased employee's income for the fifty-two (52) weeks prior to his death in 2000 was $62,628.21, which would have been sufficient to justify the maximum compensation rate of $588.00 for 2000, but for the deceased employee's death.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Prior to his death and while still employed by defendant, deceased employee contracted the occupational diseases of asbestosis and asbestos-related pleural disease as a result of his employment with defendant. N.C. Gen. Stat. §§ 97-53(24) and 97-62.
2. Deceased employee was last injuriously exposed to the hazards of asbestos dust while employed by defendant, and for as much as 30 days or parts thereof, within seven consecutive months, which exposure proximately augmented his asbestosis. N.C. Gen. Stat. § 97-57; Clark v. ITTGrinnell Industrial Piping, Inc., 141 N.C. App. 417, 539 S.E.2d 369
(2000); Haynes v. Feldspar Producing Co., 222 N.C. 163, 22 S.E.2d 275
(1942); Barber v. Babcock Wilcox Construction Company,101 N.C. App. 564, 400 S.E.2d 735 (1991).
3. It has been determined that an employee who is no longer employed by the asbestos-exposing industry is not entitled to an order of removal and the subsequent award because he no longer faces the possibility of exposure. See Austin v. General Tire, 354 N.C. 344, 553 S.E.2d 680
(2001). However, had it not been for deceased employee's untimely death, he would have remained employed by defendant and thus would have been entitled to an order of removal and 104 weeks of compensation pursuant to N.C. Gen. Stat. § 97-61.
4. Deceased employee is entitled to compensation in the amount of $20,000.00 each for the permanent injury to each lung, due to his occupational disease of asbestosis. No compensation is payable for lungs under any other subdivision of Section 31, Chapter 97 of the North Carolina General Statutes. N.C. Gen. Stat. §§ 97-31 and 97-31(24).
5. Defendant stipulated that, should the Industrial Commission determine that deceased employee contracted the occupational disease asbestosis during the course and scope of his employment with defendant, defendant would waive further proof needed under N.C. Gen. Stat. §97-12 (that the injury is caused by the willful failure of the employer to comply with any statutory requirement) and, in compromise of this issue, would accept a 5% penalty against all compensation due other than medical compensation. The Industrial Commission has so determined and defendant's offer of a compromise 5% penalty is deemed appropriate.
6. The issue of the constitutionality of N.C. Gen. Stat. §§ 97-60 etseq., has been raised by defendant and ruled upon by the North Carolina Court of Appeals. In Jones v. Weyerhaeuser Co., 141 N.C. App. 482,539 S.E.2d 380 (2000), disc. review denied, 353 N.C. 525, 549 S.E.2d 858
(2001), and in Clark v. ITT Grinnell Industrial Piping, Inc.,141 N.C. App. 417, 539 S.E.2d 369 (2000), the Court ruled unanimously that the provisions of N.C. Gen. Stat. § 97-61.5 are constitutional.
7. Inasmuch as an order of removal would have been entered pursuant to N.C. Gen. Stat. § 97-61.5(b) had deceased employee not been killed in an automobile accident, the Full Commission hereby enters such an ordernunc pro tunc relating back to September 17, 2000, the day before deceased employee's untimely death, when deceased employee was still employed by defendant.
8. Section 61.5 of Chapter 97 of the General Statutes provides that if an employee has asbestosis and dies from any other cause, the employer shall pay compensation for any remaining portion of the 104 weeks specified in G.S. 97-61.5 for which the employee has not previously been paid compensation, and in addition shall pay compensation for such number of weeks as the percentage of disability of the employee bears to 196 weeks. N.C. Gen. Stat. § 97-61.5. Since the employee received no part of the 104 weeks of compensation, plaintiff is entitled to 104 weeks. Since the evidence justified a 40% disability, plaintiff is also entitled to an additional 78.4 weeks
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to attorney's fees hereafter provided, defendant shall pay to deceased employee's executrix $20,000.00 for the permanent injury of an important organ, deceased employee's right lung, and $20,000.00 for the permanent injury of his left lung, both injuries caused by asbestosis and asbestos-related pleural disease. This compensation shall be paid in a lump sum, subject to the attorney's fees hereinafter provided.
2. Subject to attorney's fees hereafter provided, defendant shall pay to deceased employee's executrix 104 weeks of compensation at the rate of $588.00 per week. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fees hereinafter provided.
3. Subject to attorney's fees hereafter provided, defendant shall pay to deceased employee's executrix 78.4 weeks of compensation at the rate of $588.00 per week. This compensation shall also be paid in a lump sum, subject to the attorney's fees hereinafter provided.
4. Defendant shall pay an additional sum of 5% of the compensation awarded in paragraphs 1, 2 and 3 above to deceased employee's executrix, which shall also be paid in a lump sum. As per agreement of the parties, defendant shall also pay a 10% late penalty pursuant to N.C. Gen. Stat. § 97-18.
5. Defendant additionally shall pay interest in the amount of 8% per annum on this award from the date of the initial hearing on this claim, February 14, 2001, until paid in full. The interest shall be paid in full to the claimant and is not subject to attorneys' fees. N.C. Gen. Stat. § 97-86.2.
6. A reasonable attorney's fee of 25% of the compensation due plaintiff as was awarded in paragraphs 1, 2 and 3 above is approved for plaintiff's counsel. Defendant shall deduct 25% of the lump sum otherwise due plaintiff shall pay such 25% directly to plaintiff's counsel.
7. Defendant shall pay the costs of this proceeding.
This 14th day of October 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING IN PART AND DISSENTING IN PART:
 S/_______________ DIANNE C. SELLERS COMMISSIONER